UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TOUSSAINT | CIVIL ACTION 07-2041 |
| VERSUS | U.S. DISTRICT JUDGE DEE DRELL |
| UNDERWRITERS AT LLOYDS LONDON ENGLAND, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

**Report and Recommendation on Motion to Remand**

Before the court is plaintiffs' motion to remand, **Doc. #23**, referred to me by the district judge for report and recommendation. This is a suit in which plaintiff claims damages due to a fire at a house insured by defendants. The case was removed by the defendant[1] to this court based on diversity jurisdiction. Defendant stated, in its Notice of Removal, that the parties are diverse and that the amount in dispute exceeds $75,000 on the face of the petition.

Plaintiffs move to remand asserting that defendant has failed in its burden to prove jurisdiction and point out that the damages set out in the complaint are for much less than $75,000, even when penalties and attorney fees are included.

The court does not know what defendant suggests because it did not file a brief opposing the remand. Apparently it agrees that the case was improvidently removed by it.

---

[1] Although two Lloyd's companies were named defendant, one entity answered the complaint: Certain Underwriter's at Lloyd's, London.

1

Analysis

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages. Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995). Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938). Where a specific amount of damages is not set forth, the legal certainty test is not applicable. Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought. La. Code Civ. P., Art. 893. In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar I, supra. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." Allen, 63 F.3d at 1335. See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal

must file a binding stipulation or affidavit with her petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75, 000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra. While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra. See also, (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal. Allen, 63 F.3d at 1335.

Plaintiff's petition does not allege entitlement to a specific amount of damages. However, because this is a contractual dispute, plaintiff did itemize her damages in the petition. These allegations clearly assert entitlement to damages less than the jurisdictional limits of this court. See Luckett supra, and Gebbia, supra. Compare Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

I find that the petition does not, on its face, allege damages which clearly exceed the jurisdictional limits of this court even when penalties and attorney fees are included[2].

---

[2] Both penalties and attorney fees may be included in calculating the amount in controversy. See, respectively: Buras v. Birmingham, 327 F.2d 238 (5th C. 1964); Cupples v. Farmers, 390 F.2d 184 (5th C. 1968). Here defendant has not shown what the fire policy provides

3

Therefore, defendant must show by a preponderance of other evidence that the amount in dispute is more than $75,000. This the defendant have not done. Indeed, the defendant has done nothing to assist the court in the resolution of this issue. As defendant has failed in its burden to show by a preponderance of the evidence that the amount in dispute meets the jurisdictional requisites of this court, the motion to remand should be granted.

For these reasons, IT IS RECOMMENDED that plaintiff's Motion to Remand, be GRANTED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL**

---

relative to attorney fees and /or penalties and has not shown what amount of penalties or attorney fees might be owed under Louisiana law for failure to pay the claim.

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Alexandria, Louisiana, October 21, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE